UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>ELVIS SINGH,<br><br>                 Defendant. | No. CR-02-128-JLQ<br>     CV-05-3043-JLQ<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND CLOSING THE FILE |

    Assistant United States Attorneys **Stephanie Whitaker, Aine Ahmed,** and **Earl Hicks** represented the Government in this matter during trial and at sentencing. **Elvis Singh** has filed this 28 U.S.C. § 2255 motion *pro se*. Defendant was represented at trial by Nancy Tenney and at sentencing by David M. Miller.

    Defendant contends that sentencing enhancements were applied unconstitutionally in violation of *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005). Defendant was sentenced in this matter on October 25, 2002. Defendant's conviction and sentence was affirmed on direct appeal by the Ninth Circuit Court of Appeals on March 29, 2004, and the mandate issued on April 23, 2004. Under 28 U.S.C. § 2255, a 1-year period of limitation applies to the filing of a motion to set aside, vacate, or correct sentence. Defendant's motion was accordingly due on April 23, 2005. Defendant's motion was received by this court on April 27, 2005, however the motion is dated April 18, 2005. Under the so-called 'prison mailbox rule' a document is deemed filed when it is delivered to prison authorities for mailing. This court will accept the motion as timely filed.

    Defendant claims that his sentence was the result of "several enhancements" and "aggravating factors" and that his sentence was longer than that allowed by the jury's findings or by facts admitted by Defendant. These arguments are not well-taken. Defendant was convicted on two counts of violation of 21 U.S.C. § 841(a)(1). As to

ORDER

these two counts, the jury specifically found that on one occasion Defendant possessed a substance of more than 5 grams containing cocaine base and on the other occasion possessed a substance of 50 or more grams containing cocaine base. (Ct. Rec. 79 & 80). The conviction on Count 6 and possession of 50 or more grams, triggered a mandatory minimum sentence of 10 years. See 21 U.S.C. § 841(b).  Defendant was sentenced to the mandatory minimum of 10 years, or 120 months. (Ct. Rec. 98).  Defendant's sentence is supported, in fact mandated, by the facts, including the quantity determination, found by the jury.  Additionally, although not necessary to support this court's present conclusion, *Harris v. United States*, 536 U.S. 545 (2002), remains good law and holds that the Constitution permits judges to find facts giving rise to the mandatory minimum, so long as that minimum remains below the maximum statutory penalty for the crime committed. Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate, Set Aside, or Correct sentence is **DENIED**. (Ct. Rec. 121).  Defendant was sentenced to a mandatory minimum as required by the drug quantities specifically found by the jury.  There was no *Booker* violation.

2. The Clerk of the Court shall close the file.

**IT IS SO ORDERED**.  The Clerk shall file this Order, enter judgment denying the Motion To Vacate, Set Aside or Correct Sentence, furnish copies to Defendant and counsel., and close this file.

DATED this  4th day of May, 2005.

s/ Justin L. Quackenbush

JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER